■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL KELLER, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed June 16, 1978, upon his conviction of criminal sale of a controlled substance in the sixth degree and criminal possession of stolen property in the second degree, on a plea of guilty. Sentence reversed, on the law and as a matter of discretion in the interest of justice, and case remitted to Criminal Term for further proceedings in accordance herewith. The plea minutes of February 10, 1978 reveal that the court promised the defendant that it would "impose a term of imprisonment for 60 days to be followed by a period of probation plus a fine". However, at sentencing on June 16, 1978, the court imposed an indeterminate period of imprisonment with a maximum of three years for the conviction of criminal sale of a controlled substance in the sixth degree. The sentencing court did not offer, nor did the defendant request, that the guilty plea be withdrawn. If the guilty plea was induced by the promised sentence, it is well settled that the defendant is entitled to either have the promised sentence honored or to have the opportunity to withdraw his guilty plea. However, it is within the sentencing court's discretion to determine whether the aborted promise should be fulfilled or whether to

allow the defendant to withdraw his plea (see *People v Selikoff,* 35 NY2d 227, cert den 419 US 1122). Titone, J. P., Suozzi, Rabin and Gulotta, JJ., concur.